STATE, EX REL. REUBEN P. MOUNT, v. CHARLES L. NICK-ERSON.

Argued February 20, 1912—Decided February 23, 1912.

Section 84 of the act concerning elections, in effect, prohibits certain candidates from serving as election officers at an election; it applies to members of boards of registration and election and prohibits serving at any election not the performance of duties prior to election day.

---

On demurrer to information.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the relator, *Harry S. Douglass.*

For the defendant, *Harrison H. Voorhees.*

The opinion of the court was delivered by

GARRISON, J. Upon this information the relator seeks the office of councilman of the city of Wildwood, and to that end asks that the incumbent be ousted. The incumbent was a member of the board of registry and election of the Third ward of said city at the time he filed his petition, and was nominated for the said office after which he performed some official duty as a member of said board, but did not serve at the election at which the office for which he was nominated was to be filled, and was, in fact, filled by his election thereto.

The relator contends that the incumbent was ineligible by force of the following language of the eighty-fourth section of the Election act (*Pamph. L.* 1898, *p.* 280), viz.: "No member of any board of registry and election shall be elected to any office to be filled at any election in which he shall serve."

It being admitted that the incumbent was not elected at any election at which he served, it is impossible to discover how this statutory provision applies to him. The relator would have us read this statute as if it said that no member of such board shall be a candidate at the ensuing election—or that the disqualifying conduct shall be the performance of his duty as a member of such board prior to time at which he could serve at the election—both of which the legislature has carefully avoided, although it would have been very easy for the legislature to have said so if that was what was intended.

There seems to us to be no room for construction and no margin of doubt in the interpretation of the language on which the relator relies. The section means just what it says, viz., that a candidate for election cannot serve at such election. The incumbent did not violate this statutory interdict. This is all that is involved in the present case if we assume that the relator has the requisite *status* to maintain this action, a matter we need not consider in view of our decision on the merits.

The judgment of the court on this demurrer must be for the defendant.